NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0945n.06

No. 13-5199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**NOV 0 4 2013**

**DEBORAH S. HUNT, Clerk**

| | |
|---|---|
| TERRY WYNN, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| CHAD ESTES, Officer, in his individual and official capacities, | ) |
| | ) |
| Defendant-Appellant. | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE: ROGERS, GRIFFIN, and DONALD, Circuit Judges.

ROGERS, Circuit Judge. This case arose from a traffic stop and the subsequent arrest of plaintiff Terry Wynn, an on-call physician who was speeding on her way to deliver a patient's baby at a local hospital. Wynn drove away from the scene of the stop while Defendant Officer Chad Estes still had her driver's license. Estes arrested Wynn in the hospital parking lot, for evading arrest, TENN.CODE.ANN. § 39-16-603(b)(1), which is a class E felony and an arrestable offense in Tennessee. Wynn contends that she had Estes's permission to continue driving from the scene of the traffic stop to the hospital. Wynn filed a § 1983 suit claiming that Estes violated her constitutional rights and committed several intentional torts.[1] The district court denied Estes's

---

[1] Wynn also sued Estes's supervisor, Sergeant Justin Young, Chief of Police John Dickey, twenty unidentified "John Doe" defendants, and their employer, the City of Pulaski. On February 11, 2013, the district court granted summary judgment for all defendants except Estes, and granted qualified immunity to Estes on all claims except for Wynn's federal claims of false arrest and

qualified-immunity motion for summary judgment, finding among other things that a jury could believe Wynn's claim that Estes gave her permission to continue driving to the hospital. On the facts as to which the district court found a genuine dispute of material fact, the district court properly denied qualified immunity. *See Romo v. Largen*, 723 F.3d 670, 671 (6th Cir. 2013). The district court also properly permitted Wynn's state law false imprisonment and battery claims to proceed.

We review a denial of qualified immunity de novo. *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005). Under *Johnson v. Jones*, 515 U.S. 304 (1995), on this interlocutory appeal, we are required to assume the material facts as to which the district court found a genuine issue. As we read the district court opinion, those facts are as follows. At approximately 8:50 p.m., on May 5, 2010, Terry Wynn, an obstetrician/gynecologist working as an on-call physician for Hillside Hospital in Pulaski, Tennessee, received a call alerting her that a patient was ready to deliver a baby and thus Wynn was needed at the hospital. Officer Estes observed Wynn speeding on her way to the hospital and initiated a traffic stop. The parties dispute the degree to which Wynn effectively communicated to Estes the fact that she was a physician responding to a medical emergency, but it is undisputed that Wynn was wearing hospital scrubs and a lab coat was lying next to her in the passenger seat. Estes asked for Wynn's driver's license, registration, and proof of insurance, and Wynn provided her out-of-state medical I.D. and driver's license. Wynn claims that, while searching for her license, she told Estes, "I'm really in a hurry," "my patient is going to deliver" or words to that effect, and "if you don't believe me, why don't you follow me to the hospital, and if

---

excessive force and state law claims of false imprisonment and battery.

necessary you can arrest me there." In response, Estes said "Okay, I will." Thereafter, Wynn left the scene of the traffic stop, Estes tailed her to the hospital, and he immediately arrested her in the physician's parking lot. Wynn claims that Estes grabbed her wrist, cut her arm while placing a handcuff on it, slammed her against the hood of his car, injuring her back, and pressed her body against the vehicle for "maybe several minutes." After she was handcuffed, Wynn did not get in Estes's squad car willingly; instead, Estes applied pressure to Wynn's shoulder to get her to comply with his instructions to get in the police car.

Wynn filed suit under 42 U.S.C. § 1983 and Tennessee tort law. The district court concluded that a reasonable jury could find that Wynn made it unmistakably clear to Estes that she was going to the hospital to deliver a baby, that Wynn believed Estes was escorting her to the hospital, and that a reasonable police officer would have concluded that Wynn was a medical professional and reasonably effecting an arrest of her would not require as much force as Estes used.

Estes's alleged statement—"Okay, I will"—makes it unclear whether Wynn fled the traffic stop or Estes gave her permission to continue driving to the hospital. If Estes gave permission, then there arguably was no basis for Wynn's arrest in the hospital parking lot. No reasonable officer would believe that he could constitutionally arrest a person who left the scene of a traffic stop with the officer's permission.[2] Moreover, whether or not Wynn evaded arrest affects the inquiry to

---

[2] Estes argues, in the alternative, that he had probable cause to arrest Wynn under two exceptions to the cite-and-release requirement that applies to Tennessee's statutory prohibitions on speeding and not having a valid Tennessee driver's license after having resided in Tennessee for longer than 30 days. *See* Tenn. Code Ann. §§ 55-10-207(a)(1), 55-8-152, 55-50-301(a)(1). However, this incident does not fall within either exception Estes raises, because Estes never issued

determine whether the force used to arrest her was excessive. In evaluating whether excessive force has been used, courts look not only to whether the suspect is a safety threat and whether the suspect is resisting arrest, but also to the "severity of the crime at issue." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The district court also properly permitted Wynn's state law claims of false imprisonment and battery to proceed. When a battery claim under Tennessee law arises out of the same use of force as plaintiff's § 1983 excessive-force claim, the analysis is the same for both causes of action. *Griffin v. Hardrick*, 604 F.3d 949, 956 (6th Cir. 2010). Moreover, "[t]he elements of the tort of false imprisonment are (1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Roberts v. Essex Microtel Assocs., II, L.P.*, 46 S.W.3d 205, 213 (Tenn. Ct. App. 2000). Because genuine issues of material fact exist as to whether there was probable cause to arrest Wynn, summary judgment on this claim is not appropriate.

AFFIRMED.

---

a citation to Wynn and, alternatively, if Estes gave Wynn permission to proceed to the hospital, he may have intentionally held on to her license. Estes did not have probable cause to arrest Wynn under any exception to the cite-and-release requirement.